RECEIVED
SEP 1 0 2012
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| ERNEST RAY SHEPPARD | CIVIL ACTION NO.: 10-1396 |
| -vs- | JUDGE DRELL |
| CITY OF ALEXANDRIA, ET AL. | MAGISTRATE JUDGE KIRK |

## RULING

Before the Court is a Motion for Summary Judgment filed by Defendants the City of Alexandria, Officer David Ducote, Officer Robert Dukes, Officer Craig R. Mickel, Officer Stephen Smith, and Officer Allen Stokes in the above captioned matter. (Doc. 22). For the following reasons, the motion will be **GRANTED**.

### I. Procedural Background

On September 7, 2010, Ernest Sheppard filed a Complaint (Doc. 1) against Defendants, the City of Alexandria through Mayor Jacques M. Roy, Officer Craig R. Mickel, Officer A. Stokes, Officer David Ducote, Officer Stephen Smith, and Officer Robert Dukes alleging that Defendants violated 42 U.S.C. § 1983 through inaction, negligent or arbitrary use of government power, and outrageous conduct. Plaintiff also contends that Defendants are liable under Louisiana law for excessive force and negligent release, training, and supervision of a police dog when arresting Plaintiff. The Complaint further

1

claims that Defendants' conduct violated Article I, section 2 of the Louisiana Constitution and alleges various causes of action under state tort law based on La. Civ. Code Art. 2315.

Defendants filed the present Motion for Summary Judgment to dismiss all claims (Doc. 22). Plaintiff opposed the motion (Doc. 24) to which Defendants replied (Doc. 25). We have considered the pleadings and documents in this matter, and the disposition of the motion is now ripe.

## II. Law and Analysis

### A. Legal Standards

#### 1. *Motion for Summary Judgment*

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Although Rule 56 was amended effective December 1, 2010, "the amended rule contains no substantive change to the standard." Seacor Holdings, Inc. v. Commonwealth Ins. Co., 635 F.3d 675, 680, n.8 (5th Cir. 2011). An issue as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). We consider all "evidence in the light most favorable to the party resisting the motion." Trevino v. Celanese Corp., 701 F.2d 397, 407 (5th Cir. 1983). It is important to note that the standard for a summary judgment is two-fold: (1) there is no genuine dispute as to any material fact, *and* (2) the movant is entitled to judgment as a matter

of law. A § 1983 claim may properly be considered on a motion for summary judgment. E.g., Collier v. Montgomery, 569 F.3d 214 (5th Cir. 2009).

### 2. *Federal Claims: § 1983*

In order to succeed on their motion for summary judgment, Defendants must show there is no genuine dispute as to any material fact in that Plaintiff cannot prove the required elements of his § 1983 claims. As a preliminary matter, a § 1983 claim cannot withstand summary judgment if it improperly challenges convictions that arise from the same facts used as the basis for the § 1983 claim. In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court of the United States precluded a plaintiff's ability to bring a § 1983 claim and held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

Id. at 486-87. Based on this rule from Heck, Plaintiff cannot bring his claim under § 1983 if a successful claim would imply the invalidity of his conviction.

The United States Court of Appeals for the Fifth Circuit distinguishes excessive force claims from other § 1983 claims. The cases from the Fifth Circuit show that, in relation to excessive force claims under § 1983, "the Heck determination depends on the nature of the offense and of the claim." Arnold v. Town of Slaughter, 100 F. App'x 321, 323 (5th Cir. 2004); Hudson v. Hughes, 98 F.3d 868, 873 (5th Cir.

3

1996) (applying the Heck analysis). While the Fifth Circuit does not always preclude excessive force claims under § 1983 using the Heck analysis, such claims are precluded if there is a challenge to the factual determinations underlying the prior conviction.

### 3. State Claims

In order to succeed on their motion for summary judgment, Defendants must show there is no genuine dispute as to any material fact in that Plaintiff cannot prove the required elements of his state law claims. Louisiana follows the rule from Heck and does not allow state law claims to withstand summary judgment if the claims challenge the validity of the underlying criminal conviction. Anderson v. City of Minden, 2009 WL 1374122, at *5-*6 (W.D. La. May 15, 2009) (citing Roberson v. Town of Pollock, 915 So.2d 426, 433–34 (La. App. 3d Cir. 2005) (applying the Heck standard to state law civil actions and precluding such action if it would invalidate a criminal conviction)).

### 4. Nolo Contendere Plea

"A judgment entered on a plea of nolo contendere adjudicates guilt with the same finality and force as a judgment entered pursuant to a guilty plea or a conviction following trial. It is well settled that a plea of nolo contendere admits every essential element of the offense (that is) well pleaded in the charge." United States v. Williams, 642 F.2d 136, 138 (5th Cir. 1981) (emphasis added) (internal quotations omitted). A criminal defendant may plead nolo contendere in lieu of a guilty plea, which provides evidentiary benefits such as allowing "the defendant to terminate the

4

pending litigation in order to avoid admitting guilt for subsequent litigation." Id. at 139. Federal Rule of Evidence 410 supports the policy behind allowing nolo contendere pleas and provides "In a civil or criminal case, evidence of the following is not admissible against the defendant who made the plea or participated in the plea discussions:...(2) a nolo contendere plea."

Despite this supposed prohibition on using nolo contendere pleas in subsequent cases, "the language and purpose of the evidentiary rule prohibits the use of evidence of the plea of nolo contendere but not the existence of the conviction pursuant to that plea." Wallace v. Lee, 2002 WL 31175219, at *4 (E.D. La. Sept. 27, 2002) (emphasis added) (internal citations omitted). In a Heck analysis, the nolo contendere plea is not being used as an admission of guilt; rather, the nolo contendere plea is considered to determine whether the plaintiff's claim impacts the validity of a prior conviction arising from the same set of factual circumstances. Id. In accordance with precedents from multiple federal courts, when completing a Heck analysis, this court is not prohibited from considering Plaintiff's conviction after a plea of nolo contendere.[1]

---

[1] Notably, the cases that defendants cite in their memorandum in support of their motion for summary judgment do not provide any reasoning to explain the admissibility of nolo contendere pleas in a Heck analysis. Small v. St. Tammany Parish Sheriff, 2002 WL 519804, at *2 (E.D. La. Apr. 2, 2002); Watson v. City of New Orleans, 2000 WL 354399 (E.D. La. Apr. 5, 2000). In fact, one of the cases cited by the defendants provides an incorrect and non-existent citation as relating to the use of nolo contendere pleas in a Heck analysis. See Defendant's citation to King v. City of Pearl River, 2010 WL 2651645, at *2 (E.D. La. June 28, 2010) (Doc. 22-4).

## B. Analysis of Plaintiff's Claims

The present facts are similar to those in a Fifth Circuit opinion, Arnold, 100 F. App'x at 322, which applies the Heck analysis and provides highly persuasive grounds for granting Defendants' motion for summary judgment. In Arnold, the plaintiff was charged and convicted for resisting an officer. Id. Five months after his conviction, the plaintiff filed a lawsuit under § 1983 alleging, among other claims, excessive force. Id. The plaintiff contended that he did not provoke the police to use any force, which was directly in conflict with the findings of the district judge. Id. at 324 (describing the plaintiff's actions as "hostile," "belligerent," and finding that plaintiff initiated a "physical confrontation" with one of the police officers). The district court granted defendants' motion for summary judgment and the Fifth Circuit upheld the district court's ruling because if the plaintiff were to prevail in his § 1983 action, he would establish that his criminal conviction was invalid based on the direct conflict between his conviction for resisting arrest and the allegation made in his § 1983 lawsuit that he did nothing to provoke the police to use force. Id. at 324-25.

The present facts are similar because the Plaintiff claims in his deposition that he never struck, kicked, or punched the police dog and never struck or kicked a policeman. (Doc. 24-5). Like Arnold, in which the plaintiff claimed he did not provoke the police to use any force in the course of the arrest; here, the Plaintiff also claims he did not do anything to provoke the police to use any force in the arrest. 100 F. App'x at 324; (Doc. 24-5). This claim of inaction from the Plaintiff, if allowed to proceed in

6

this Court, would clearly invalidate his <u>nolo contendere</u> pleas for two counts resisting arrest since his assertion that he did not use force directly contradicts his <u>nolo contendere</u> plea. Thus, under the <u>Heck</u> analysis, which applies to both the § 1983 claims and the state law claims, Plaintiff cannot establish a prima facie case under either § 1983 or state law because his <u>nolo contendere</u> pleas establish his guilt in the same manner as a guilty plea for the purpose of showing the existence of his conviction. See <u>Williams</u>, 642 F.2d at 138; <u>Anderson</u>, 2009 WL 1374122, at *5-*6 (internal citations omitted); <u>Wallace</u>, 2002 WL 31175219, at *4 (internal citations omitted).

### C. Conclusion

For the foregoing reasons, we find Defendants have shown there is no genuine dispute as to any material fact in that Plaintiff cannot make a prima facie case for his § 1983 or state law claims. As a matter of law, Defendants are not liable to Plaintiff. Accordingly, Defendants' Motion for Summary Judgment (Doc. 22) will be GRANTED.

Additionally, considering this Ruling, Defendants' Motion to Strike (Doc. 26), Motion for Summary Judgment (Doc. 32), Motion for Summary Judgment (Doc. 38), and Motion to Strike (Doc. 40) will be DENIED AS MOOT.

SIGNED on this 10 day of September, 2012 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE